UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| WARREN ARNDT, on his behalf and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | File No. 1:12-cv-135-jgm |
| BUILDING PRODUCTS OF CANADA CORP., | : : : | |
| Defendant. | : : | |

MEMORANDUM AND ORDER
(Doc. 16)

I.  Introduction

Warren Arndt moves to consolidate this matter -- a putative products liability class action -- with Melillo v. Building Products of Canada Corp., No. 1:12-cv-16 (filed Jan. 25, 2012), under Federal Rule of Civil Procedure 42.  (Doc. 16.)  Defendant Building Products of Canada Corp. (BPC) and the Melillo Plaintiffs, Robert Melillo and Arthur Mayo, Jr., jointly oppose the motion. See Joint Opp'n, Melillo v. Building Prods. of Canada Corp, No. 1:12-cv-16 (Doc. 30).  Arndt has not filed a reply.

II.  Discussion

Arndt asserts consolidation is warranted because the cases involve the same factual allegations and legal issues and consolidation will also "reduce the likelihood for inconsistent rulings and prevent the waste of judicial resources." (Doc. 16 at 2.)  Arndt originally filed this action in the Eastern District of Michigan in February 2012.  (Doc. 1.)  In May, he moved to transfer the action to this Court (Doc. 4), and the motion was initially denied (Doc. 5) but, upon

renewal, the action was transferred in June.  (Doc. 9.)  On June 11, 2012, Arndt attempted to serve BPC by Federal Express.[1]  (Doc. 16.)

A year earlier, in June 2011, in the Superior Court of Vermont, Chittenden Unit, Robert Melillo and Arthur Mayo, Jr. had commenced a putative product liability class action against BPC, alleging organic shingles manufactured by BPC were defective.  That action was removed to this Court in January 2012.  A proposed settlement was negotiated and, on February 14, 2012, the parties filed a Stipulated Motion for Preliminary Approval of Class Action Settlement.  See No. 1:12-cv-16 (Doc. 14).  On July 2, 2012, the Court granted the motion and a hearing for final settlement approval is scheduled for December 12, 2012.  No. 1:12-cv-16 (Doc. 27).

The parties in Melillo point out the United States Judicial Panel on Multidistrict Litigation considered a motion to transfer this and other related actions for coordinated or consolidated pretrial proceedings.  Joint Opp'n, No. 1:12-cv-16 (Doc. 30 at 4-5).  The Panel denied the motion, noting "the benefits of centralization do not outweigh the potential disruption in settlement proceedings."  Order Denying Transfer, In re Building Prods. of Canada Corp. Organic Shingles Prods. Liab. Litig., MDL No. 2341 (Apr. 17, 2012).[2]

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary

---

[1] The Melillo parties assert BPC informed Arndt service by Federal Express is not effective in Canada.

[2] A copy of the order was filed as an exhibit to the Joint Opposition in Melillo.  See Ex. A to Joint Opp'n, Melillo v. Building Prods. of Canada Corp, No. 1:12-cv-16 (Doc. 30-1).

cost or delay." Id.  The court possesses wide discretion in determining whether to consolidate cases.  See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

In this case, as the MDL Panel found, consolidation is not appropriate.  Consolidation would likely create inefficiency instead of diminish cost or delay.  The Melillo action is considerably further advanced.  A class settlement has been preliminarily approved and the hearing for final settlement approval is scheduled.  Mr. Arndt -- presumably a member of the putative class in Melillo -- may object to the settlement, attend the hearing and have his concerns heard.  Mr. Arndt may also opt out of the class and pursue his own action.  The Court finds, in its discretion, consolidation is not warranted.

III.   Conclusion

Arndt's motion to consolidate (Doc. 16) is DENIED.

Further, Arndt is hereby notified the action will be dismissed without prejudice on September 20, 2012 unless he demonstrates service by Federal Express is compliant with Federal Rule of Civil Procedure 4(h)(2) for serving a corporation outside a judicial district of the United States.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of August, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge